# United States Tax Court

T.C. Memo. 2024-48

RICHARD A. SHAW, JR.,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 9178-23L.                                  Filed April 22, 2024.

————

Richard A. Shaw, Jr., pro se.

*Karl N. Hoffman*, *Stephen C. Welker*, and *Karen Y. Leon*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*:  In this collection due process (CDP) case petitioner seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal Revenue Service (IRS or respondent) to sustain a notice of intent to levy.  Respondent filed a motion for summary judgment, which we have recharacterized as a Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted.  Respondent contends that the Petition was filed after expiration of the 30-day filing period specified in section 6330(d)(1) and that petitioner has alleged no facts that would entitle him to "equitable tolling" of the deadline.  Agreeing with respondent, we will grant his Motion.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                    *Background*

The following facts are drawn from the parties' pleadings, respondent's Motion, and the administrative record of the CDP proceeding. Petitioner resided in Virginia when he petitioned this Court.

Petitioner has an unpaid Federal income tax liability for 2014 that totaled $85,906 as of October 2021. In an effort to collect that liability the IRS issued him, on October 13, 2021, a Notice of Intent to Levy and Your Right to a Hearing. Petitioner timely submitted Form 12153–C, Request for a Collection Due Process or Equivalent Hearing. He checked boxes indicating that he was unable to pay the tax and requesting a collection alternative in the form of an installment agreement (IA). He did not challenge his underlying tax liability for 2014.

Petitioner's case was assigned to a settlement officer (SO) in the IRS Independent Office of Appeals (Appeals), who verified that the tax for 2014 had been properly assessed and that other legal and administrative requirements had been met. On October 28, 2022, the SO sent petitioner a letter scheduling a telephone conference for December 7, 2021.

The SO noted in her letter that petitioner had not filed Federal income tax returns for 2015–2021. She explained that, in order for her to consider a collection alternative, he needed to come into filing compliance by submitting these returns. The SO also requested that petitioner submit, in advance of the hearing, a completed financial statement with supporting documents. Petitioner submitted no delinquent returns and no financial information of any kind before the conference.

The telephone conference took place on December 7, 2021, as scheduled. The SO noted that petitioner had failed to submit Federal income tax returns for six years and reiterated that, because he was not in filing compliance, he was ineligible for a collection alternative. In any event, the SO explained that she could not consider an IA because petitioner had supplied none of the financial information necessary for her to assess his ability to pay. She indicated that Appeals would issue a determination letter sustaining the proposed levy and that the case "will be returned to compliance" for further action. She advised that petitioner "will have 30 days to petition the Tax Court."

On January 10, 2023, Appeals issued petitioner a notice of determination sustaining the proposed levy for the reasons listed in the previous paragraph. The notice explained that, if petitioner wished to

[*3] dispute the determination, he "must file a petition with the United States Tax Court within 30 days from the date of this letter."

On May 27, 2023, petitioner mailed to the Court a letter to which he attached the notice of determination. On May 30, 2023, we filed that letter as his Petition. He acknowledged that he had "missed the 30-day petition period" but stated that he was committed to becoming tax compliant and in "beginning restitution based upon [his] current income." He stated: "I would like to know what documentation I would need to send to anyone who could assist me in determining installment payments." In his Answer respondent alleged that "the petition in this case was filed late or outside of the 30-day statutory period prescribed in [section] 6330(d)(1) for an appeal to this Court."

On December 18, 2023, the Court set this case for trial in Washington, D.C., on April 15, 2024. We included with the Notice of Trial a document captioned "Do you need help with your Tax Court case?" In that document we explained that "there are tax clinics in your area that may represent you free of charge if you meet certain qualifications." We listed five clinics that serve the Washington, D.C., area and urged unrepresented taxpayers "to contact a tax clinic as soon as possible to inquire about possible representation."

On February 1, 2024, respondent filed the Administrative Record of the CDP proceeding and two weeks later filed a motion for summary judgment (which we have recharacterized as a Motion to Dismiss for Failure to State a Claim). In his Motion respondent contends that he "is entitled to judgment as a matter of law" because the Petition was not timely filed.

We directed petitioner to respond to the Motion by March 22, 2024. "In particular," we stated, "petitioner should address what facts (if any) explain why he was unable to file his Petition within the 30-day period for filing CDP petitions." Petitioner did not respond to the Motion or to our Order.

*Discussion*

Under section 6330(d)(1), a person may petition this Court to review a notice of determination concerning collection action under section 6320 or 6330. The 30-day deadline for filing such a petition is a procedural requirement that is not jurisdictional. *See Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022). We thus have authority to consider a late-filed petition in a CDP case where the Commissioner raises the

[*4] issue of timeliness, provided that the taxpayer shows that he is entitled to "equitable tolling." *See id.* at 1496. To be entitled to equitable tolling, the taxpayer must establish that he pursued his rights diligently and that extraordinary circumstances prevented him from filing on time. *See Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 255–57 (2016).

The record of this case shows that the Petition in this case was not timely filed. The notice of determination was issued January 10, 2023. The 30-day period prescribed by section 6330(d)(1) thus expired on February 9, 2023, which was not a Saturday, Sunday, or legal holiday in Washington, D.C. As indicated by the postmark on the envelope, the Petition was mailed May 27, 2023, 107 days past the due date. The Court received and filed the Petition on May 30, 2023, 110 days after the due date.

In the Petition, petitioner acknowledged that he had "missed the 30-day petition period." But he offered no explanation for his late filing and alleged no facts that accounted for it. When directing him to respond to the Motion, we specifically advised him to "address what facts (if any) explain why he was unable to file his Petition within the 30-day period." But he did not respond by the deadline we set or subsequently. Under these circumstances we have no choice but to grant respondent's Motion.[2]

In his Petition, petitioner noted his desire to "become compliant in [his] tax responsibilities" and to begin "restitution based upon [his] current income." We note that petitioner is free to come into filing compliance and submit to the IRS at any time, for its consideration and possible acceptance, a collection alternative in the form of an IA or offer-in-compromise, supported by the requisite financial information.

To reflect the foregoing,

*An appropriate order will be issued.*

---

[2] Respondent contends in the Motion that it was not an abuse of discretion for the SO to sustain the proposed levy action. We need not address this alternative contention in the light of petitioner's late filing of the Petition.